**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONNIE BURNETT | ) | PLAINTIFF DEMANDS |
| | ) | TRIAL BY JURY |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge |
| | ) | |
| CITY of CHICAGO, MATTHEW GRAF, | ) | |
| RUBEN WEBER, DET WEBBER, J. | ) | |
| JOHNSON, M. TOUHY and UNKNOWN | ) | |
| AREA NORTH DETECTIVES, | ) | |
| | ) | Magistrate |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff RONNIE BURNETT by and through his attorney, SCOTT T. KAMIN, with THE LAW OFFICES OF SCOTT T. KAMIN, of counsel, and complaining against Defendants, CITY OF CHICAGO, DET WEBBER, MATTHEW GRAF, RUBEN WEBER, J. JOHNSON, M. TOUHY and UNKNOWN AREA NORTH DETECTIVES, states as follows:

### JURISDICTION

1. This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, and the Fourth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3).

### VENUE

2. Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

3. Upon belief individual defendants reside in the State of Illinois and the Northern District of Illinois.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

**PARTIES**

5. Plaintiff RONNIE BURNETT ("Plaintiff or Burnett"), at all times relevant to this action, resided in Chicago, and was a resident of Cook County.

6. Defendants UNKNOWN AREA NORTH DETECTIVES ("Unknown Detectives"), were, at all times relevant to this action, Detectives with the Chicago Police Department who assisted with the Fugitive Apprehension section.

7. Upon belief, DET WEBBER is a Detective with the Chicago Police Department.

8. Upon belief, defendants MATTHEW GRAF ("Graf) and RUBEN WEBER ("Weber"), at all times relevant to this action, employed by the Chicago of Chicago as detectives with the Chicago Police Department.

9. Upon belief, defendants J. JOHNSON "Johnson") and M. TOUHY ("Touhy"), were at all times relevant to this action employed by the CITY OF CHICAGO as police officers with the Chicago Police Department.

10. Defendant CITY OF CHICAGO is a municipal corporation located in the Northern District of Illinois.

11. All individual defendants are sued in their individual capacities.

**FACTS**

12. On July 13, 2017, unknown assailants shot and killed Derrick Murray at 4659 S. Augusta Blvd.

13. On or about July 13, 2017, Chicago police recovered surveillance video from the shooting and two shooters were identified, neither of which was Plaintiff.

14. Investigators, including Defendants Webber, Weber, Graf and Unknown detectives, never discovered any evidence linking Plaintiff to Murray's shooting.

15. Though the above defendants had no probable cause to believe Plaintiff was involved in the shooting, they told defendants Johnson and Touhy to arrest Plaintiff for the murder.

16. On May 25, 2018, after Plaintiff entered the Will County courthouse in Joliet, he was arrested by defendants Johnson and Touhy for Murray's murder.

17. Plaintiff was in the custody of the Chicago police and the Cook County Jail until October 25, 2022 when Plaintiff was finally permitted to show his innocence at a bench trial, and to be acquitted of the Murray murder.

18. During his incarceration, Plaintiff suffered loss of liberty, was unable to see many relatives and friends and suffered other emotion and pecuniary damages.

### COUNT I

### FALSE ARREST AND UNLAWFUL INCARCERATION AGAINST ALL INDIVIDUAL DEFENDANTS

19. Plaintiff restates and realleges all the statements made in paragraphs 1-18 of this Complaint as though fully stated therein.

20. On May 25, 2018, the individual defendants Webber, Weber, Graft and Unknown detectives, decided to have Plaintiff arrested, telling other officers, including defendants Johnson and Touhy, that they had probable cause to make such an arrest even though they knew there was no probable cause to make such an arrest.

21. No reasonable police officer would have believed that they had probable cause to arrest Plaintiff for the Murray murder when no evidence indicated that Plaintiff was involved in the murder.

22. As a result of this unreasonable seizure, Plaintiff suffered extreme emotional and physical trauma, including spending more than four and a half years in custody.

## COUNT II
## MALICIOUS PROSECUTION UNDER ILLINOIS LAW

23. Plaintiff restates and realleges all the statements made in paragraphs 1-22 of this Complaint as though fully stated therein.

24. The individual defendant accused Plaintiff of engaging in criminal activity and exerted influence to initiate and to continue and perpetuate judicial proceedings against Plaintiff without any probable cause to do so.

25. The judicial proceedings were terminated in Plaintiff's favor and in a manner indicative of his innocence when he was acquitted on October 25, 2022.

26. As a result of individual defendants' misconduct, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other injuries.

## COUNT III
## INDEMNIFICATION CLAIM AGAINST CITY OF CHICAGO PURSUANT
## TO 145 ILCS 10/9-102

27. Plaintiff restates and realleges all the statements made in paragraphs 1-26 of this Complaint as though fully stated therein.

28. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which their employees are liable.

29. Defendant Webber, Weber, Graf, Johnson and Touhy, as well as the other unidentified Chicago Police Officers were, at all relevant times, acting in the scope and course of

their employment as members and agents of the City of Chicago, under the color of law.

30. Defendant City of Chicago is liable as principal for all torts committed by its employees.

WHEREFORE, Plaintiff RONNIE BURNETT, by and through his attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, requests judgment against defendants CITY OF CHICAGO, DET WEBBER, MATTHEW GRAF, RUBEN WEBER, J. JOHNSON, M. TOUHY and UNKNOWN AREA NORTH DETECTIVES on each and every claim as follows:

A.   That Defendants be required to pay Plaintiffs general damages in a sum to be ascertained at a trial of this matter,

B.   That Defendants be required to pay Plaintiffs special damages,

C.   That Defendant CITY OF CHICAGO be required to indemnify the individual defendants,

D.   That Defendants be required to pay Plaintiff his attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

E.   That the individual Defendants be required to pay Plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

F.   That Defendants be required to pay Plaintiffs the costs of the suit herein incurred, and

G.   That Plaintiffs be granted such other and further relief as this Court may deem just and proper.

/s/ Scott T. Kamin
Scott T. Kamin

5

Scott T. Kamin
Law Offices of Scott T. Kamin
333 S. Wabash Ave., Suite
Chicago, IL  60604
(312) 307-8848
Ill. Attorney No.: 6226855
scotttkamin@aol.com